# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JIMMY D. NEW,**
**Claimant Below, Petitioner**

**vs.)   No. 15-1084** (BOR Appeal No. 2050415)
(Claim No. 2014001756)

**ROCKHOUSE CREEK DEVELOPMENT, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jimmy D. New, by Stephen P. New and Gavin G. Ward, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockhouse Creek Development, LLC, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 5, 2015, in which the Board affirmed an April 22, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 22, 2014, decision to close the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. New, a plant operator for Rockhouse Creek Development, LLC, injured his right knee at work on July 15, 2013, when he stepped on a floor drain and twisted it. The claims administrator held the claim compensable for a sprain/strain of an unspecified site of the knee and leg and overexertion from a sudden strenuous movement on July 17, 2013. An October 7, 2013, treatment record of Robert McCleary, D.O., indicated that a right knee arthroscopy was needed to repair his knee.

1

Mr. New underwent arthroscopic surgery on the right knee performed by Dr. McCleary on December 17, 2013. Mr. New followed up several times with Dr. McCleary but his knee was still bothering him and causing him pain. In a February 24, 2014, entry to his records, Dr. McCleary suggested physical therapy and a functional capacity evaluation. He also suggested a hyaluronic acid injection. Mr. New fell at home on April 4, 2014, and injured his left knee. He reported that now his left knee hurt considerably more than his right knee.

Prasadarao B. Mukkamala, M.D., issued an independent medical evaluation report on April 29, 2014. Dr. Mukkamala found that treatment to date had been necessary but somewhat excessive. Mr. New had been in physical therapy for a very long time and Dr. Mukkamala did not believe more was necessary. He noted that Mr. New's treating physician had been trying to add the injured left knee as a result of overuse of the left knee from the right knee injury. Dr. Mukkamala opined that there was no rationale to say that Mr. New was overusing his left knee because according to Mr. New, he was involved in very little physical activity. Dr. Mukkamala opined that Mr. New was at maximum medical improvement and did not need any maintenance care or treatment other than a home exercise program.

On May 8, 2014, Mr. New's functional capacity evaluation report with Patrick Ellis, MSPT, was completed. Mr. New was reported to have displayed very poor body mechanics. He tested at the sedentary level. His previous job as a preparation plant repairer was listed as medium physical demand level. He noted that Mr. New appeared to be safe for entry into work conditioning. Mr. New indicated that he had completed enrollment to receive Social Security Disability and did not plan to return to work. A day later, at a follow-up, Dr. McCleary found that he was not at maximum medical improvement and suggested injections. By the middle of May of 2014, Dr. McCleary was of the opinion that Mr. New would never work again. An MRI of the left knee was also requested.

The claims administrator closed the claim for temporary total disability benefits on June 22, 2014. An August 23, 2014, MRI of the left knee showed degenerative changes with narrowing of the joint space and marginal spur formation. There were medial meniscus degenerative changes. There was no significant joint effusion and the cruciate ligaments were intact. Dr. McCleary was deposed on November 14, 2014. Dr. McCleary was asked about an MRI of the right knee.[1] He noted that the MRI showed a tear of the medial meniscus with some arthritis. He stated that he performed the arthroscopic surgery on December 17, 2013, which revealed more arthritis than was perceived on MRI. He admitted that there were chronic longstanding degenerative changes in the right knee which were not work-related. Dr. McCleary admitted that Mr. New had a separate injury to the left knee when he slipped and fell in the shower or bath. Dr. McCleary attributed the left knee injury to weakness in the right knee. On cross examination, he admitted that Mr. New weighed well over 300 pounds. He admitted that it was not unusual for people of such stature to experience knee problems. He admitted that he had no medical basis to conclude that his fall in the shower was related to the right knee. He found the claimant to be permanently disabled rather than temporarily disabled. He admitted that the

---

[1] This MRI was not included in the record.

2

injections requested were a treatment of choice for a person with advanced osteoarthritis and degenerative changes in the knee.

The Office of Judges determined that the claim was properly closed for temporary total disability benefits. The Office of Judges found that Dr. Mukkamala's report finding that he was at maximum medical improvement for his right knee injury was persuasive. The Office of Judges addressed Mr. New's assertion that he was temporarily and totally disabled because his right knee injury caused his left knee injury that he sustained outside of work. The Office of Judges was not persuaded that the left knee injury was caused by the right knee being weak. Because his left knee injury was not caused by his right knee injury and he was at maximum medical improvement in regard to his right knee, the Office of Judges determined that the claims administrator properly closed the claim for temporary total disability benefits.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. Pursuant to West Virginia Code § 23-4-7a (2005) temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work, whichever occurs first. Dr. Mukkamala found that Mr. New was at his maximum medical improvement for his right knee injury. Because no left knee injury was held compensable, it was appropriate that Mr. New's temporary total disability benefits were not extended due to it. Because it was reasonable for the Office of Judges and Board of Review to adopt the report of Dr. Mukkamala, their decisions are not in error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II